IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:13CR227–HEH |
| | ) | |
| SAMUEL G. MAMUDU, | ) | |
| | ) | |
| Petitioner. | ) | |

### MEMORANDUM OPINION
(Denying Rule 36 Motions)

Samuel G. Mamudu, a federal inmate proceeding *pro se*, has submitted a number of requests for relief under Federal Rule of Criminal Procedure 36 (ECF Nos. 84, 88, 90).[1] For the reasons set forth below, his requests will be denied.

### I. Relief Under Rule 36

Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Nevertheless, clerical errors are narrowly defined. "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (alteration in original) (quoting

---

[1] The Court corrects the spelling, capitalization, and punctuation in the quotations from Mamudu's submissions. Additionally, the Court employs the pagination assigned by the CM/ECF docketing system.

*United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)); *see United States v. Brown*, 343 F. App'x 934, 935–36 (4th Cir. 2009).

The United States Court of Appeals for the Fourth Circuit has held that "Rule 36 may serve as an appropriate vehicle for a defendant to obtain resentencing when a clerical error likely resulted in the imposition of a longer sentence than would have been imposed absent the error." *United States v. Vanderhorst*, 927 F.3d 824, 827 (4th Cir. 2019). This ruling, however, applies only to factual "data entry error[s]" in the record, such as clerical errors in the presentence report misidentifying a prior state court conviction. *Id.* In *Vanderhorst*, for example, the defendant's presentence report erroneously classified his prior conviction as "conspiracy to sell and deliver cocaine," while he was actually convicted of "conspiracy to traffick cocaine by transportation," and as a result, defendant was improperly designated a career offender at the time of sentencing. *Id.* at 825–26. The Fourth Circuit held that this "scrivener's or recording error[ ]" can be corrected under Rule 36, and the district court also has authority to order resentencing on the basis of such error. *Id.* at 827. The Fourth Circuit further held that the defendant's substantive argument regarding the allegedly improper legal characterization of his other career offender predicates was beyond the purview of Rule 36. *Id.*

## II. Analysis

Initially, Mamudu requests that the Court "correct inaccuracies in the criminal history score of his Presentence Report" ("PSR"). (ECF No. 84 at 1.) Mamudu contends that the he was improperly awarded criminal history points for some "charges out of the

2

county of Henrico." (*Id.*) Specifically, Mamudu contends that he was awarded criminal history points "on convictions out of Henrico County Virginia that do not exist or was non-processed . . . ." (ECF No. 88 at 1 (citation omitted).) Mamudu asserts that he was improperly awarded a criminal history point for a Henrico County petit larceny charge that was nolle processed. (ECF No. 84-3 at 1–2.)

Mamudu was awarded eleven criminal history points for the following offenses:

| Imposition of Sentence | Offense and Jurisdiction | Sentence | Guideline Section | Criminal History Points |
|---|---|---|---|---|
| 4/26/07 | Trespassing, Henrico Co. Juvenile & Domestic Relations Court | 12 months imprisonment, 12 months suspended | 4A1.1(c) | 1 |
| 6/7/07 | Grand Larceny, Henrico Co. Circuit Court | 3 years imprisonment, 3 years suspended | 4A1.1(c) | 1 |
| 7/10/07 | Assault & Battery, Henrico Co. Circuit Court | 12 months imprisonment, 4 months suspended | 4A1.1(b) | 2 |
| 8/17/07 | Underage Purchase or Possession of an Alcoholic Beverage, Richmond General District Court | 30 days imprisonment, 30 days suspended | 4A1.1(c) | 1 |
| 10/3/07 | Carrying a Concealed Weapon, Chesterfield Co., General District Court | 6 months imprisonment, 6 months suspended | 4A.1.1(c) | 1 |

3

| | | | | |
|---|---|---|---|---|
| 1/22/09 | Disorderly Conduct, Richmond General District Court | 12 months imprisonment, 10 months suspended | 4A1.1(b) | 2 |
| 6/24/10 | Possession of Firearm and Ammunition by a Felon, United States District Court, E.D. Va. | 41 months of imprisonment | 4A1.1(a) | 3 |

(ECF No. 83 at 9, 26–28.)

Additionally, Mamudu was awarded 2 points under USSG § 4A1.1(d) because he committed the present offense while under supervised release for his conviction for possession of a firearm by a felon. (*Id.* at 29.)

No points were awarded for any petit larceny charge out of the County of Henrico. (*Id.* at 26–29.) The petit larceny charge is listed under the "Other Arrests" section of the PSR. (*Id.* at 15.) Accordingly, to the extent Mamudu contends he was improperly awarded criminal history points for a Henrico County petit larceny charge, he is incorrect, and his Rule 36 Motion will be denied.

In a subsequent submission, in response to the Government's opposition to his Rule 36 Motion, Mamudu lists a host of other charges which he contends were nolle processed and should not have been awarded criminal history points. (*See* ECF No. 90 at 3–4.) Once again, Mamudu fails to demonstrate that he was awarded criminal history points for these charges. Therefore, he is not entitled to relief under Rule 36 for these allegations.

4

Additionally, Mamudu contends the Court improperly "imposed a 2-point criminal history increase" because he committed the instant offense while on supervised release and misapplied "criminal history point criteria." (ECF No. 90 at 4.) Mamudu's substantive legal arguments regarding the allegedly incorrect application of the Sentencing Guidelines are not clerical errors subject to correction under Rule 36. *See Vanderhorst*, 927 F.3d at 827. Accordingly, Mamudu's requests for relief under Rule 36 (ECF Nos. 84, 88, 90) will be denied.

On February 15, 2022, Mamudu requested that the Court order the Office of the Federal Public Defender to "return all legal argument and motions that I mailed to their office in 2019 and 2020, so [he] can proceed *pro se*." (ECF No. 93 at 1.) Mamudu fails to direct the Court to any authority that authorizes this action. Accordingly, his request (ECF No. 93) will be denied. Nevertheless, the Court will transmit a copy of his request (ECF No. 93) to the Office of the Federal Public Defender for whatever action it deems appropriate.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: May 11, 2022
Richmond, Virginia

5