**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**UNITED STATES OF AMERICA,**

**v.** **Criminal No. 3:13cr227**

**SAMUEL G. MAMUDU,**

**Defendant.**

# MEMORANDUM OPINION

This matter comes before the Court on Defendant Samuel G. Mamudu's Motion for Modification in Sentence Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821 (the "Motion" or "Motion for Sentence Reduction"). (ECF No. 103).[1] The United States responded in opposition, (ECF No. 104), and Mr. Mamudu replied, (ECF No. 105).

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court will deny the Motion for Sentence Reduction. (ECF No. 103).

## I. Background

On December 17, 2013, a grand jury charged Mr. Mamudu with interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One), and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two).

---

[1] Mr. Mamudu also submitted several *pro se* letters and supplemental filings in support of his Motion. (ECF Nos. 106, 107, 108, 109.) The Court has reviewed these filings and determined that they have no bearing on the Court's decision on the instant Motion for Sentence Reduction.

(ECF No. 9.) On March 11, 2014, following a two-day jury trial, the jury found Mr. Mamudu guilty of both counts. (ECF No. 40.)

Prior to sentencing, the probation officer prepared a Presentence Report ("PSR") for Mr. Mamudu. (ECF No. 44.) According to the law at the time, Mr. Mamudu had a Total Offense Level of 23 and 13 criminal history points—including two "status points" added under then-applicable U.S.S.G. § 4A1.1(d) (2013) because he committed the offense while under a criminal justice sentence—which correlated to a Criminal History Category of VI. (ECF No. 44, at 29–30.) This resulted in a Sentencing Guidelines range of 92 to 115 months' imprisonment on Count One. (ECF No. 44, at 30.) Count Two carried a consecutive statutory mandatory minimum term of 84 months. *See* 18 U.S.C. § 924(c)(l)(A)(ii); U.S.S.G. § 2K2.4. (ECF No. 44, at 30.)

On July 18, 2014, the Court sentenced Mr. Mamudu to a total of 216 months' imprisonment, a sentence above the guideline range, comprising of 132 months' imprisonment on Count One and 84 months' imprisonment on Count Two, to be served consecutively. (ECF No. 54.) The Court later denied Mr. Mamudu's motion under 28 U.S.C. § 2255 and his motions for relief under Federal Rule of Criminal Procedure 36. (ECF Nos. 77, 95.) Mr. Mamudu's full sentence of 216 months' imprisonment remained as the Court imposed.

On December 16, 2024, Mr. Mamudu filed his Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821 seeking to "modify his sentence from 216 months to 206 months" by reducing his sentence on Count One by ten months, from 132 months to 122 months' imprisonment. (ECF No. 103, at 1, 4.) On April 2, 2024, the United States Probation Office filed a Worksheet recalculating Mr. Mamudu's Guidelines. (ECF No. 97.) On

June 23, 2026, this case was reassigned from the Honorable Henry E. Hudson to the Honorable M. Hannah Lauck. (ECF No. 111.) Mr. Mamudu's current release date is July 1, 2030.[2]

## II. Standard of Review

18 U.S.C. § 3582(c)(2) authorizes a criminal defendant to move for a reduction of his or her sentence when the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.*; *Dillon v. United States*, 560 U.S. 817, 821 (2010) ("When the [Sentencing] Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision.").

In *Dillon v. United States*, the United States Supreme Court set forth a two-step process for ruling on a motion for sentence reduction pursuant to § 3582(c)(2). 560 U.S. at 821–22. "First, the court is required 'to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the [defendant's] eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019) (quoting *Dillon*, 560 U.S. at 827). U.S.S.G. § 1B1.10(b)(1), in turn, "requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing.'" *Martin*, 916 F.3d at 395 (quoting *Dillon*, 560 U.S. at 827).

Second, after determining that a sentence reduction is available, a court must consider the § 3553(a) sentencing factors, and any relevant post-conviction conduct to "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is

[2] *See* Fed. Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Nov. 13, 2026).

warranted in whole or in part under the particular circumstances of the case."[3] *Dillon*, 560 U.S. at 827; *see also* U.S.S.G. § 1B1.10, cmt. l(B).

The United States Sentencing Commission promulgated Amendment 821 in November 2023, U.S.S.G. App'x C, amend. 821, and made its provisions retroactive effective February 1, 2024, *see* U.S.S.G. § 1Bl.10(e)(2) & Application Note 7. Relevant here, Amendment 821 reduces "status points" under U.S.S.G. § 4A1.1. *Id.* Prior to Amendment 821, defendants received two status points if they committed an offense while under a criminal justice sentence, including probation. Amendment 821 reduces the number of "status points" an offender receives depending on the defendant's criminal history. *See* U.S.S.G. § 4A1.1(e) (2023).[4]

---

[3] The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(l); (2) the need for the sentence to: afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment, § 3553(a)(2)(B)-(D); (3) the kinds of sentences available, § 3553(a)(3)–(4); (4) any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5); (5) the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and, (6) the need for restitution, § 3553(a)(7).

[4] Specifically, Amendment 821 provides, in pertinent part:

> Section 4A1.1 is amended—
>
> by striking subsection (d) as follows:
>
> > "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.";
>
> by redesignating subsection (e) as subsection (d);

## III. Analysis

In the Motion, Mr. Mamudu moves under Amendment 821 for a reduction in his sentence from 216 to 206 months. (ECF No. 103, at 1.) The United States opposes the Motion for Sentence Reduction. (ECF No. 104.) It agrees that Mr. Mamudu is eligible for a sentence reduction under Amendment 821 but argues that the sentencing court imposed an upward variance grounded in § 3553(a) factors that Amendment 821 does not touch, such that any benefit from the amendment "should not appreciably impact the sentencing analysis." (ECF No. 104, at 1, 6–7.)

After due consideration, the Court will deny the Motion for Sentence Reduction. (ECF No. 103.) Although the Court finds that although Mr. Mamudu qualifies for a sentence reduction under Amendment 821, the § 3553(a) factors counsel against such a reduction.

### A. Mr. Mamudu Is Eligible for a Sentence Reduction Under Amendment 821

Mr. Mamudu correctly argues that he is eligible for a sentence reduction under Amendment 821. As illustrated in the table below, Amendment 821 reduces the number of status points applied to Mr. Mamudu's criminal history from two to one, in turn reducing his Criminal History Score from 13 to 12 and his criminal history Category from VI to V. As to Count One, his reduced Criminal History Score of V, combined with his Offense Level of 23, yields a revised guideline range of 84 to 105 months. His guidelines range on Count Two remains unchanged.

---

and by inserting at the end the following new subsection (e):

> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

U.S.S.G. App'x C, amend. 821, Part A (Status Points under § 4A1.1).

**Original Guideline Range**

| | | |
|---|---|---|
| **Count 1** | | |
| | Offense Level | 23 |
| | Criminal History Points | 13 |
| | Criminal History Category | VI |
| | *Guidelines Range* | *92–115 months* |
| **Count 2** | | |
| | Offense Level | N/A |
| | Criminal History Points | 13 |
| | Criminal History Category | VI |
| | *Guidelines Range* | *84 months, consecutive to Count 1* |
| *Total Guideline Range* | | *92–115 months, plus 84 months consecutive* |
| Variance | | 17-month upward variance on Count 1 |
| *Sentence Imposed* | | Count 1: 132 months<br>Count 2: 84 months<br>206 months |

**Revised Guideline Range**

| | | |
|---|---|---|
| **Count 1** | | |
| | Offense Level | 23 |
| | Criminal History Points | 12 |
| | Criminal History Category | V |
| | *Guidelines Range* | *84–105 months* |
| **Count 2** | | |
| | Offense Level | N/A |
| | Criminal History Points | 12 |
| | Criminal History Category | V |
| | *Guidelines Range* | *84 months, consecutive to Count 1* |
| *Total Guideline Range* | | *84–105 months, plus 84 months consecutive* |
| *Maximum Guidelines Sentence* | | Count 1: 105 months<br>Count 2: 84 months<br>189 months |

Despite Mr. Mamudu's eligibility under Amendment 821, the applicable § 3553(a) factors do not support a sentence reduction below the 216 months' imprisonment earlier imposed.

### B. The § 3553(a) Factors Do Not Support a Reduction in Mr. Mamudu's Sentence

Although the parties correctly agree that Amendment 821 applies, they dispute whether the Court should reduce Mr. Mamudu's sentence under the § 3553(a) factors. (*See* ECF Nos. 103, 104, 105.)

The § 3553(a) factors include:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
- the need for the sentence to: reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment, § 3553(a)(2)(A)–(D);
- the kinds of sentences available, § 3553(a)(3), (4);
- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and,
- the need for restitution, § 3553(a)(7).

In the Motion, Mr. Mamudu asks for a reduction to 206 months, comprised of a 10-month reduction of his term on Count One from 132 to 122 months and the original 84-month sentence on Count Two. That reduction, he contends, is "proportional" to the sentence Judge Hudson imposed: his 132-month term on Count One stood 17 months above the top of the 115-month maximum on Count One. An amended 122-month term on Count One would likewise stand above the reduced maximum term of 105 months on Count One. He further argues that, measured against the amended 84–105-month range, the original 132-month term on Count One now stands *27 months* above the top end of the guidelines, which he contends is a more severe variance than his conduct warrants. (ECF No. 105, at 1.)

Mr. Mamudu further argues that the Court should place little weight on his disciplinary infractions because he has already been punished for them through the loss of 619 days of good-time credit and 297 days of disciplinary segregation. He urges the Court to credit his rehabilitation—including his completion of several educational and vocational programs and his work as a unit orderly—together with his plan to live with his mother in Henrico County upon release. (ECF No. 103, at 5; ECF No. 105, at 1–3.) Citing *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019), Mr. Mamudu asks the Court to weigh these "redemptive measures" alongside his "past transgressions." (ECF No. 105, at 2–3.)

The United States contends that the § 3553(a) factors counsel against a sentence reduction. It emphasizes that Mr. Mamudu's 132-month term on Count One was an upward variance grounded in § 3553(a) factors that Amendment 821 does not touch, such that any benefit from the amendment "should not appreciably impact the sentencing analysis." (ECF No. 104, at 1, 6–7.) The United States argues that Mr. Mamudu presents a serious risk of recidivism, pointing to his sixteen prior convictions—nine of which produced no criminal-history points—his prior 2010 federal firearm conviction involving a discharge and a violent assault, and his poor performance while on supervised release. (ECF No. 104, at 8.) It further contends that Mr. Mamudu's more than 40 disciplinary infractions since his 2014 sentencing, including the possession of dangerous weapons and an assault, "thoroughly negate any claims of rehabilitation" and confirm his lack of respect for the law. (ECF No. 104, at 8–9.)

After considering the applicable § 3553(a) factors, the Court will deny Mr. Mamudu's Motion for Sentence Reduction. The nature and circumstances of the offense are serious. Mr. Mamudu committed an armed robbery in which he forced a firearm into a store clerk's shoulder and threatened her into silence, all while he was under federal supervision on a prior conviction.

§ 3553(a)(1). (ECF No. 44 ¶ 9.) Turning to his history and characteristics, Mr. Mamudu's 132-month sentence on Count One was an upward variance Judge Hudson imposed after weighing the § 3553(a) factors, including his extensive history of violent conduct, his 16 prior convictions, and his commission of an armed robbery within four months of beginning a term of supervised release. (ECF No. 104, at 3–4.) Amendment 821 corrects the arithmetic of status points, but it does not disturb any of the case-specific considerations that led the sentencing court to vary above the range. For the same reason, Mr. Mamudu's proportionality theory misconceives what the amendment changed: it lowers the range used to determine eligibility but leaves untouched the § 3553(a) findings on which the variance rested.

New to Mr. Mamudu's record are numerous post-conviction infractions. Mr. Mamudu has sustained more than 40 disciplinary infractions, including repeated instances of possessing a dangerous weapon, an assault, threatening bodily harm, and numerous instances of engaging in sexual acts and refusing orders, resulting in 297 days of disciplinary segregation and the loss of 619 days of good-time credit. (ECF No. 97.) This Court sees no basis to reduce his upwardly varied sentence given his new history of failing to abide by rules *even while incarcerated.* Instead, it shows an enhanced lack of respect for the law.

The need to afford adequate deterrence and to protect the public weighs heavily against a reduction, as Mr. Mamudu has not demonstrated that his lengthy incarceration has deterred his unlawful behavior.

The Court commends Mr. Mamudu for the educational, vocational, and treatment programs he has completed. (*See* ECF No. 103, at 5.) But those efforts, weighed against the seriousness of the offense, the reasons for the original upward variance, and Mr. Mamudu's

substantial disciplinary record, do not support a reduction. The applicable § 3553(a) factors, therefore, do not support a reduced sentence of imprisonment.

## IV. Conclusion

For the reasons articulated above, the Court will deny Mr. Mamudu's Motion for Sentence Reduction. (ECF No. 103.)

An appropriate Order shall issue.

/s/
M. Hannah Lauck
Chief United States District Judge

Date: 11/16/26
Richmond, Virginia